UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IOWA PORK PRODUCERS ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROB BONTA, et al.<br><br>　　　　　Defendants. | No.  1:21-cv-01663-NONE-EPG<br><br>ORDER DECLINING TO EXPEDITE CONSIDERATION OF PENDING MOTION; GRANTING REQUEST TO EXPAND PAGE LIMITS IN PART; AND REQUIRING RE-FILING AND RE-NOTICING OF MOTION |

　　　　Plaintiff in this case challenges the constitutionality and seeks to prevent the enforcement of California Health & Safety Code § 25990, *et seq*., which California voters most recently amended through passage of Proposition 12 back on November 16, 2018 ("Proposition 12"). Among other things, Proposition 12 prohibits the sale of "whole pork meat" from a "covered animal" that was confined in a "cruel manner" or is the immediate offspring of a covered animal that was confined in a cruel manner. Cal. Health & Safety Code § 25900. The statute defines "confined in a cruel manner" to include confining any animal in a manner that "prevents the animal from lying down, standing up, fully extending the animal's limbs, or turning around freely." *Id*. at § 25901. In a provision that explicitly does not take effect until after December 31, 2021, the law also includes "confining a breeding pig with less than 24 square feet of usable floorspace per pig" within the definition of "confined in a cruel manner." *Id*. Plaintiff seeks

injunctive and declaratory relief based on the allegation that Proposition 12, including its enforcement provisions, violates the Due Process Clause, the Privileges and Immunities Clause, and the Commerce Clause, and is preempted by Packers and Stockyards Act, 7 U.S.C. § 193 et seq. (Doc. No. 1.)

The instant complaint was originally filed in Fresno County Superior Court on November 9, 2021; defendants removed the matter to this federal court on November 16, 2021. (Doc. No. 1.) On November 22, 2021, plaintiff filed a motion for preliminary injunction supported by a 42-page memorandum of points and authorities, along with approximately 400 pages of supporting declarations and exhibits. (*See* Doc. Nos. 15–15-6.) Plaintiff urges the court to accept the overlength brief (*see* Doc. No. 14), which necessarily will engender overlength opposition and reply briefs; to set a hearing on the matter for December 17, 2021; and to rule on their motion for preliminary injunction before January 1, 2022, the effective date of some of Proposition 12's provisions. (*See* Doc. No. 15.) Considering the ongoing and well-documented judicial resource emergency in this court, and given that the parties have not all consented to the jurisdiction of the assigned magistrate judge, plaintiff's request would be nearly impossible to accommodate. (*See* Doc. No. 4-3 ("Order of Clarification" issued by Eastern District of California Chief Judge Kimberly J. Mueller)).

Even if the court could muster the resources to address the pending motion on the expedited timeline suggested by plaintiff, the undersigned declines to urgently prioritize this matter vis-à-vis the numerous other civil litigants who have been waiting many months (if not years) for rulings on important matters. It is undisputed that Proposition 12 passed in November 2018. (*See* Doc. No. 15-1 at 12.) Some of the provisions challenged here went into effect later that year. (*Id.*) Certain other aspects of Proposition 12 are set to go into effect on January 1, 2022. (*Id.*) Since Proposition 12's passage, starting in 2019, at least two other groups of similarly-situated plaintiffs have tried unsuccessfully to block the same aspects of Proposition 12 challenged by plaintiff here from going into effect. *See N. Am. Meat Institute v. Becerra*, 420 F. Supp. 3d 1014 (C.D. Cal. 2019), *aff'd*, 825 Fed. Appx. 518 (9th Cir. 2020); *Nat'l Pork Producers Council v. Ross*, 456 F. Supp. 3d 1201, 1206 (S.D. Cal. 2020), *aff'd,* 6 F.4th 1021 (9th Cir. 2021).

Moreover, it has come to the court's attention that plaintiff initially filed a largely identical suit to this one in state court in Iowa in May 2021. *See Iowa Pork Producers Ass'n et al. v. Bonta*, No. 3:21-cv-3018 (N.D. Iowa), ECF No. 1-4 (Complaint). That case was removed to the U.S. District Court for the Northern District of Iowa and subsequently dismissed for lack of personal jurisdiction in late August 2021. *Id*. at ECF No. 67. Then, seemingly inexplicably,[1] plaintiff waited approximately <u>ten</u> weeks to file the instant complaint in Fresno County Superior Court on November 9, 2021. The Fresno County complaint was subsequently (and unsurprisingly) removed to this federal court seven days later, a mere six weeks before the square footage requirements of Proposition 12 are set to take effect. Were this motion to proceed according to the December 17, 2021 hearing date proposed by plaintiff, this highly complex matter would become ripe a mere 21 days before December 31, 2021, a period that encompasses several holiday-related court closures. This timing renders the pending motion effectively one for a temporary restraining order insofar as it demands highly expedited treatment. The undersigned therefore looks to this court's local rule regarding temporary restraining orders, which provides:

> Timing of Motion. In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

Local Rule 231(b).

---

[1] The court acknowledges that some arguably relevant events took place in the spring and summer of 2021. Proposition 12 calls for the promulgation of implementing regulations by September 1, 2019. Cal. Health & Safety Code § 25993. It is undisputed that the September 2019 deadline came and went without final regulations being adopted. On May 28, 2021, the relevant state agency published draft regulations, but apparently (at some date that is not made clear in plaintiff's complaint or motion for preliminary injunction) later publicly stated that they will not finalize these regulations before January 1, 2022, but instead plan to publish new draft regulations for consideration. (Doc. No. 1, Ex. A at ¶ 13.) Although this public statement that regulations will not be finalized by the end of 2021 might conceivably give rise to or enhance a claim related to Proposition 12, the claims in this case largely track those asserted in the Iowa state court complaint. To the extent plaintiff notes any recent developments in the instant complaint, those developments appear to provide only emphasis and additional support for essentially the same claims previously advanced.

3

The court finds that the present record fails to explain why this case could not have been presented to the court in a far timelier manner. The "urgency" presented here is largely of plaintiff's own making. Therefore, the court will not expedite consideration of the pending motion in the manner suggested by plaintiff. The court recognizes that—at least according to plaintiff—the financial implications of Proposition 12 going into effect may be enormous, but that does not change the procedural history of this case.

Plaintiff is nonetheless entitled under the Federal Rules and the undersigned's procedures to file a motion for preliminary injunction and to control the briefing schedule by choosing a hearing date for its motion. However, plaintiff may not unreasonably burden the court with significantly overlength briefs while at the same time demanding resolution of its motion on an expedited schedule. The court will therefore strike the pending motion for preliminary injunction and will permit its re-filing in accordance with the following instructions.

Having preliminarily reviewed the proposed overlength points and authorities, the court believes the issues can and should be presented more concisely. The court will therefore grant the request for an expansion of the page limits in part and will authorize an opening brief that exceeds the court's standard page limits by five pages, to a total of 30 pages. Plaintiff may revise and refile its motion at any time, choosing any Tuesday through Thursday as a hearing date for the matter in accordance with the 28-day notice requirement of Local Rule 230(b). Defendants may file a similarly expanded opposition in accordance with the timeline set forth in Local Rule 230(c). While a reply is authorized, the page limits of that filing shall not be expanded. Once the reply deadline expires, the court will examine the papers, will determine whether a hearing is necessary, and will endeavor to rule in as timely a manner as possible under the circumstances brought about by the extreme lack of judicial resources that this court has suffered with from for almost twenty-two months now.

/////
/////
/////
/////

The parties are also informed that the court is considering the issuance of an order to show cause why this case should not be transferred to the U.S. District Court for the Central District of California, where a substantially related case remains open. The court will return to that issue in the coming days.

IT IS SO ORDERED.

Dated:   **November 24, 2021**                    /s/ Dale A. Drozd
                                                  UNITED STATES DISTRICT JUDGE